UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD MULLARKEY,

                Appellant,

v.

LEONARD TAMBOER, ET AL.

                Appellees.

Civ. No. 09-4518 (DRD)

**ORDER**

This matter having come before the Court on a motion by Appellees, Leonard Tamboer, Leslie Tamboer, and John M. McKenna, for Reconsideration of the Court's August 10, 2010 Order granting Appellant Richard Mullarkey's request for an extension of time pursuant to Federal Rule of Civil Procedure 4(a)(5) to file a Notice of Appeal of the December 23, 2009 ruling dismissing his appeal from various rulings of the United States Bankruptcy Court for the District of New Jersey; and the Appellees having filed papers in opposition to Mr. Mullarkey's request in the Court of Appeals for the Third Circuit, which failed to forward those papers to this Court; and the Appellees, after receiving the August 10, 2010 Order granting Mr. Mullarkey's request, having submitted those papers to this Court;

The Court finds as follows:

    (1) Federal Rule of Civil Procedure 4(a)(5) allows a district court to extend the time for filing a Notice of Appeal if:

> (i) a party so moves <u>no later than 30 days</u> after the [30-day deadline for filing such a Notice] prescribed by this Rule 4(a) expires; <u>and</u>
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5) (emphasis added);

(2) Mr. Mullarkey's request for an extension of time was filed on April 27, 2010 – more than 30 days after the date on which his Notice of Appeal should have been filed under Federal Rule of Appellate Procedure 4(a)(1)(A);

(3) Therefore, his request is untimely and should not have been granted. <u>See, e.g., IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.</u>, 788 F.2d 118, 122 n.1 (3d Cir. 1986) ("Any Rule 4(a)(5) motion to extend the appeal period must be filed at least within 60 days after the final judgment." If not, "the district court ha[s] no authority to grant [the] motion."); <u>West v. Keve</u>, 721 F.2d 91, 97 (3d Cir. 1983) (stating that a request for an extension of time to file a Notice of Appeal must be submitted within 30 days after the deadline for filing such a notice, and dismissing appeal for lack of jurisdiction due to appellant's failure to comply with that requirement);

(4) Appellees were not afforded an opportunity to oppose Mr. Mullarkey's request for an extension of time prior to the entry of the August 10, 2010 Order because the Court of Appeals did not forward the papers they filed in opposition to that request. Therefore, their arguments in opposition – which highlight the fact that a request for an extension of time to file a Notice of

Appeal must be filed within 30 days after the expiration of the normal deadline for filing such a notice and cite case law to that effect, see (Appellees's Br. Opp'n Mot. Extension of Time 7-8) – form a proper basis for Reconsideration of the Court's August 10, 2010 Order.  See Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992) (Reconsideration may be based on "dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion.");

(5) Moreover, the Court finds, in light of the jurisdictional nature of the deadlines contained in Federal Rule of Appellate 4, that refusing to reconsider its August 10, 2010 Order would be clear error.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is mandatory and jurisdictional.") (internal quotations omitted).  Therefore, Appellees are entitled to reconsideration of that Order pursuant to Federal Rule of Civil Procedure 60(b).  N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (A district court may grant reconsideration in order "to correct [a] clear error of law or prevent manifest injustice.").

THEREFORE, it is on this 16th of August, 2010, hereby ORDERED as follows:

(1) Appellees's Motion for Reconsideration is GRANTED;

(2) The Court's August 10, 2010 Order granting Mr. Mullarkey's request for an extension of time to file his Notice of Appeal is VACATED;

3

(3) Mr. Mullarkey's request for an extension of time is DENIED, and his Notice of Appeal filed on February 5, 2010 is declared untimely.

_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.